Please be seated. Welcome again. We now are joined by our colleague, Judge Jackie Wynn, who has come in graciously to take Judge Seiler's place. He's recused himself in this matter. As you know, things are sensitive these days about these things, and Judge Seiler discovered that he has one or two shares of Apple stocks, so he's gone in any event. So, let's see. I guess we're ready to go. Please proceed. Thank you, Your Honor. May it please the Court, Christina Goodrich for Appellant CPC. CPC filed a 1782 petition seeking discovery from Apple regarding biometric security measures in connection with a foreign proceeding proposed in Germany. As Your Honors know, a 1782 proceeding is initiated by way of petition. The proceedings live and die by that petition. In this case, it died. Discovery sought consisted of 15 narrowly tailored requests for production for documents sufficient to describe or sufficient to show, not all documents. And it all related to the underlying basis for the foreign proceedings, which related to biometric security measures. Counsel, before we get too far on this, I want to understand something. Has there actually been a case initiated in Germany in connection with this Apple subsidiary? No, Your Honor, there has not. Does that matter? No, Your Honor, it does not. So in other words, if your client or anyone in similarly situated wants to get discovery in a case that's not yet been initiated and may never be initiated, they can do that under 1782 without limitation? Not without limitation, Your Honor. Now, what is the limitation? That it is contemplated, that it is proposed. And in this case, it certainly is proposed, and that's not something that is disputed. Lawyers can contemplate anything, can't they? Yes, Your Honor, they can. So basically, I mean, you obviously are very intelligent, capable people. I'm sure you can contemplate all kinds of wonderful things for your clients. But what I'm hearing you say, basically, which kind of troubles me a little bit, is that 1782 has no anchor. You can bring it any time you contemplate that you might be bringing a case somewhere in the world and it really doesn't matter whether you ever do it. That's troubling, isn't it? Well, I think the statutory language, when it was revised, made clear. It was revised a number of years back to be changed from saying a pending for an action to one that could be brought. And so I think when it was revised, Congress took into account that an action did not need to be pending, and therefore there is some space between one having actually been filed and one that may be filed. So here, I mean, the magistrate decision was almost a year ago, so it was in reasonable contemplation that it would be filed a year ago, but it hasn't been filed now. Is there a reason for that? In part because of these proceedings, Your Honor. The what? In part because of these proceedings, Your Honor. We had sought this information in connection with that filing. Can I ask you on the standard of review and on your position? So I understand your argument that when it's denied, it's essentially dispositive, be subject to in a district court de novo review. I guess my first question is how does that ultimately affect us? I mean, I understand how it would affect what happens in the district court, but here, in what way does it change our review? Well, and I understand, Your Honor, because this court's review is for abuse of discretion, but it's abuse of discretion of the district court, and here the district court applied a deferential clear error standard of review instead of exercising its independent judgment. And the Ninth Circuit has, in a number of other cases, said when a district court applies the wrong standard of review when reviewing a magistrate judge's opinion, we can't be sure that they use their independent judgment to make that determination, so we have to remand it back. Hopefully that answers your question. No, you have. Let me ask you a somewhat different question, keyed off the last one. So here it was denied, and your argument is essentially dispositive because it's case ending. What happens if it's granted? If it's granted and then goes to the district court, is the whole thing de novo or is some piece of that de novo and some piece of that subject to clear error? There are situations where the grant is dispositive because, as I said at the outset, the proceedings live and die by the petition, much like a complaint, the claims and the defenses and the claim and answer. And so here, if the petition is granted, there's nothing left to be done. Now, there may be ancillary proceedings, much like enforcement of a judgment, and the case could be reopened, and I believe we cite a case in our reply for the proposition that the district court, even when granting a 1782 petition, noted that the case would be closed but could be reopened for further proceedings  So let's imagine that the district court or the magistrate here had said, I'm granting three of these document requests, and I'm also ordering the deposition of two witnesses in connection with the documents, and Apple wanted to appeal to the district court. Is that all de novo or is any part of that clear error in your view? If the magistrate judge issued that order and it went to the district court, then that would be de novo. As the way Rule 72B reads, which is what we contend applies here instead of 72A, it says that any portion of the report and recommendation of the order being issued by the magistrate judge it's objected to is subject to de novo review. And that's because, in your view, it's what the magistrate judge would have done would be dispositive of that issue. Is that correct? Yes, Your Honor. What role, if any, does the fact that you have a case pending in Texas have? I know it's a different defendant. I get that. But in effect, it's the same, if I understand it, the same concept of a breach of certain patents that are held. Could, arguendo, could you have gone to the district court in Texas and said, we realize this is a different entity here, but we're going to amend our complaint to add that German subsidiary. Maybe that wouldn't even work from a jurisdictional perspective. But I guess what I'm fishing for is why couldn't this have been taken care of in the Texas court? And if it could have, why are we even talking about 1782? Your Honor, I wish it could have been dealt with in the Western District of Texas court. And, in fact, we wouldn't be here if it could be. There's two avenues where it could have been. One is if Apple consented to the use of any information disclosed in that action under the protective order. Right now, that's limited to use in that action. They could have consented and said, you can use it in the German action. That hasn't happened. Or if, by some change of rules, Rule 26 would allow us to do that. But Rule 26 doesn't allow us to do that. We cannot seek discovery in Texas for the purpose of using it in the German action relating to German infringement. It's just outside the bounds of discovery. And so this is the place for this to be decided, this petition here. Also, can I ask a related question? I'm sorry for jumping in here. I know it's disconcerting to have two judges on screen and one – I mean two judges live and one judge on screen. So I apologize for that. But could you have filed a 1782 petition in Texas rather than in the Northern District of California? Your Honor, probably not. The way that we read the statute is you're supposed to file a 1782 petition in the district where the defendant or the respondent is located. And here Apple is well known to be located in Cupertino. Now, do they have offices in Texas? Yes. So perhaps in theory it could have been filed there. But we filed here because, without a doubt, Apple is located in the Northern District of California. Okay. Let me remove that from the equation. Assuming that you have a pending case in Northern California, could you – or the defendant's located in two separate jurisdictions, is there anything in the statutory language that prevents you from filing the 1782 petition in Texas? Let's assume that Apple's located there. Not that I can think of at the moment. All right. And if you had filed the 1782 petition in Texas, would it still be considered to be dispositive or would the analysis differ? It would still be considered dispositive, Your Honor. And why is that? For all of the same reasons. Because if it was filed in Texas, it would still be subject to the same analysis that we are putting forth here, namely that once it's denied, there is nothing left to be done in the case, as we see here. I mean, there could not possibly be anything else left to be done in this matter now that the petition has been denied. I guess what I'm getting at, and it's related to the issues that Judge Smith explored with you, is that if you have a case that involves the same patent, could you forum shop by going to a different district to file a 1782 petition and trigger de novo review? Whereas if you had filed the petition in the same case, and we're talking about the same patent here, the analysis on what constitutes the ultimate relief may differ. I think I understand. Generally, these are filed as separate petitions. If, for example, this was filed in the pending Texas action, I think the analysis would be different. How could you even do that? Yeah, I'm not really aware of any cases off the top of my head where you could, because this is more like an administrative subpoena or some other stand-alone proceeding. So I think forum shopping is necessarily limited by the statutory language, which requires it to be filed in a district where the defendant is found. So that in itself, I think, would limit the options. And I just want to clarify, in response to one of the other judges' questions, you indicated that there is currently a protective order in place in the Texas litigation? Yes, Your Honor. Thank you. Thank you, Your Honor. Can I ask, just before you sit down, it seems like you and your opposing counsel both represent a lot of intellectual property companies. How often is 1782 used by the IP world for foreign IP proceedings? Your Honor, this is my first time dealing with a 1782 petition. So if that's any indication, I'd say it's not particularly common. And if Your Honor's question is going to whether a solidification of the standard of review being de novo would have wide-ranging impact on the circuit's implementation of how it deals with 1782 petitions, my understanding, these are not so common that it would have such an impact. Do you want to say rebuttal time? Yes, Your Honor. Entirely up to you. Thank you so much. Very well. Thank you. All right. Let's hear from, let's see, Mr. Wynn, I believe, right? Mr. Wynn and Judge Wynn. We've got the whole thing going here. We're not related. Okay. It's a full disclosure. It's kind of like Smith. I get that. Yes, Your Honor. Very well. Please proceed. May it please the Court. Good morning, Your Honors. Tony Wynn, Fappelli, Apple. As plainly put forward in this Court's 2002 Four Pillars case and then reiterated recently in its 2019 Krapinov case, the standard of review for a 1782 petition is abuse of discretion. Well, I don't think we've never said that. I mean, there's our standard of review is abuse of discretion. That's true. But I think the issue here is the district court standard of review. I don't think we've ever opined on that. Judge Callahan did. Certainly, Your Honor. Judge Callahan in her dissent did opine on that. I will note that in the Four Pillars case, directly after the standard review, this Court went on to analyze the magistrate judge's opinion as opposed to the district court judge's opinion. So I think there is a little bit of precedent there for this Court looking at the magistrate judge's opinion. But that case didn't decide the issue we're talking about, did it? No, Your Honor, it did not. So you're just saying by analogy it might be helpful, but it didn't. This is actually a case of first impression, I think, in our circuit, is it not? Very much so, Your Honor. I think that it is helpful, but certainly as you identified, this is a case of first impression here. What is Apple's best argument that given the context of a 1782 motion that this is not definitive, final? If something is denied, where do you go from there? It's done, isn't it? Potentially, Your Honor. But I think the question is, what is it dispositive of? Even after the denial of CPC's 1782 petition, it still has all of its patent rights. It can still go and file suit in Germany. It can still file suit in Australia, which it did after it filed its motion. But it's functionally dispositive of this proceeding. It's dispositive because it's a denial. But as you mentioned, Judge Bress, what happens if there's a grant or a grant in part? All of a sudden, we have a split standard review that an already overburdened magistrate court and district court judge have to go. Well, what is your position on that? I mean, I think if one is denied, if it's subject to de novo review, as your opposing counsel argued, then if it's granted, clearly some part of that would have to be subject to de novo review as well. But would all of it or just part of it? That's a tough question, Your Honor. I think that's one this court is going to have to battle with. We think abuse of discretion is still the right standard review for a grant, a grant in part, or a denial. Well, I mean, I was somewhat surprised by your client's position on this because it seems to me that if you had lost this, you probably wouldn't be all that excited about the clear error standard, would you? Probably not, Your Honor. But if we lost this motion, there's also more to be done still. So if this was granted, we would still likely file a motion to quash. This is something that the courts often will either work to trim down the requests themselves or many times they'll ask counsel to work together, meet and confer, come up with something that is workable, and if you cannot come up with something that is workable, bring it back to me. So there's often still work for the magistrate judge and then the district court judge. No, but at the end of the day, I mean, the magistrate here could have ordered your client to turn over a lot of different materials, some of which you might not be that happy about. And I guess I'd be surprised if when you went to the district court, you would be affirmatively arguing for a clear error standard at that point. We certainly think that's the state of the law. You're right, Your Honor, that would not be beneficial for us there, but based on the case law in front of us and the precedent here, we think that's the correct standard review. But why? I mean, it seems I think Judge Callahan made a number of pretty compelling points in her separate writing. It may get more complex from the grant side of the house, I'll give you that, but as for a denial, it seems fairly dispositive, doesn't it? Again, it's dispositive, but not dispositive in the way that it requires to know of a review. CPC is not out any of its patent rights. It still has the ability to do everything it was able to do before filing its 1782 petition. But as you know well, magistrate judges are really expert in handling discovery issues. They're bread and butter, basically. And as long as it's not dispositive, people just leave it alone. The district courts don't want to mess with it. That's why we have these very able people as magistrate judges. But in the same sense that there are certain kinds of issues that the magistrate judges cannot handle without the consent of the parties, you also have on a functional basis, according to our case law, you have certain actions taken by these magistrate judges that are, if you will, beyond their statutory kin and jurisdiction. And in all those cases, it's the district judge that decides. And that's really what we're dealing with here, I believe, is on a functional basis, isn't this dispositive of the motion itself with respect to these particular documents being sought? I'm having some difficulty understanding why it is not dispositive when I look at it from a functional basis. What am I missing? Your Honor, you're not missing anything. Because the petition was denied, yes, that's dispositive, but it's dispositive in the way that denying any motion is dispositive. Again, back to my original point, CPC is not out any rights because of the denial here. And again, that only deals with one side of the coin. It is out rights. It's out the rights that 1782 provides, which is a limited right, but a right that consists solely of obtaining documents, and they're out that right. Not necessarily. As you mentioned, Your Honor, they still potentially could seek these documents in another forum. The language of 1782 says where a party is found or resides, and district courts in this circuit have looked at that language and applied a personal jurisdiction analysis, a systematic and continuous contacts, to determine whether or not a party is found or resides. CPC brought suit against Apple in the Western District of Texas. It could potentially go and be refiled there if it so wanted. So it's not out any rights in the way that— Right, but that's no different than saying, you know, I grant someone's motion to dismiss, and they can then go and refile it in some other— they can go refile the case in some other jurisdiction. There's personal jurisdictions sometimes in many places, but that doesn't really answer the question of whether it's dispositive for the case that was itself filed. Understood, Your Honor. And we agree that because of the denial, it was dispositive, but not dispositive in the way that requires de novo review. I want to ask you about the magistrate's order because I confess I don't understand the suggestion that they could just go to Texas and deal with this. I mean, we could debate whether 1782 is a good idea or not, but it exists. And so I'm just not sure how we could say, well, you should go to another domestic litigation and ask that court to deal with this. How would that even work? You're saying functionally, Your Honor? Legally and functionally. I don't see how a court in Texas can just start overseeing discovery in a foreign proceeding. You'd have to file a 1782 petition there. It's possible the parties could agree that rather than make CPC go through the exercise of filing a 1782 petition, they would just privately agree to be bound by an existing protective order in another litigation, but I don't see what a district court in Texas would have to do with that. One thing the magistrate judge identified here was not necessarily that the documents would be available from the Texas litigation, but the potential they could be obtained in the Texas litigation. Well, wait a minute. If you have a ruling here under 1782, is it your position that the plaintiffs in this case could go to Texas, for example, file another 1782 motion there that was exactly the same as the one that was denied here, and it wouldn't matter that there had already been a ruling on the same issue in this other jurisdiction? So we've looked at that legally from the Western District of Texas, and the answer is I'm not sure, Your Honor, potentially, but I do know that courts in this circuit have identified the resides or found language to be similar to personal jurisdiction. So under that guise, they filed suit against Apple in Texas because they believed that Apple was properly sued there, so they potentially under the language of 1782 could. Let me ask you this. Judge Tiger, by my reading, seemed to be saying, hey, we need some guidance from the Ninth Circuit here. We really don't know. The district courts have been doing X, and we just don't know. We need some guidance. So if you were sitting here, what would your guidance be? What would you write? Certainly, Your Honor. I'm sure it would be helpful to the plaintiffs. You can't just say affirmed. You've got to give us more than that. So Apple's opinion is that both Judge Cousins and District Court Tiger got it right here. Judge Cousins looked at all 15 of the requests. Like you said, discovery is the magistrate judge's bread and butter. They do this all day. He did not need additional facts. He didn't need declarations from engineers. He looked at all 15 and said, these are overly broad. These are unduly burdensome underneath the intel factors. I'm going to deny this. Judge Tiger took a look not only at Judge Cousins' opinion, but he also said in his own opinion that he reviewed the underlying record. So while he said the standard review he applied was clear error, under that, the language he used in his opinion, it also looked like he did his own de novo review. He said, under the record that I reviewed, I believe that Judge Cousins got it right. So from Apple's perspective, notwithstanding the fact that Judge Tiger said he used clear error review, he really meant de novo. He just didn't know what he was talking about. Is that right? I think he is applying the law as it stands right now. And, Your Honor, you're absolutely right. There's a lack of clarity here. But as far as Judge Tiger understood, in looking at other courts in the Northern District of California that have done surveys, it said the majority of courts in this circuit as well as outside apply clear error. Judge Tiger agreed with that and then applied that. You can understand why busy district court judges would love to have the magistrate judges assume as much responsibility as possible, right? Absolutely, Your Honor. And isn't that really what we're dealing with here? It is. And that's why when CPC says that more detail is needed, it's not. We want to give magistrate judges the opportunity to deal with these discovery motions as efficiently and as swiftly as possible but with the right amount of legal analysis. Let me ask you this. Let's assume, arguendo, that we think this was a dispositive motion and Judge Tiger, based on what he understood the law was, reviewed this for clear error and we arguendo say it's de novo. Is that something that this court can do based upon the record or is this something we need to send back to the district court to review under the correct standard of review? I think this court can do that under the existing record. The record here being the language and the asks of the 15 requests themselves. That's what Judge Cousins had in front of him. That's what Judge Tiger had in front of him. And both of them made the right call just based on the facts. But there's almost no analysis. I mean, and I don't even think there was any evidence as to how these would be unduly burdensome. I grant you that some of them in their fullest scope might have been, but what effort was there made to narrow these or to find out what Apple could produce that would be responsive to some of these? Usually you see much more detail on a document request by document request basis. I agree with you, Your Honor. This was a short but, again, we think sufficient order. And because Magistrate Cousins does this all the time, he did not need more information. He looked at these 15 requests doing this all day for what he does as a magistrate judge and says I don't need to say a lot because not a lot needs to be said. Looking at the language of the requests themselves, denied. And Judge Tiger did the same thing, denied. Well, but it seems that part of what was influencing them was the existence of another proceeding where they may have thought that this request could be brought, and I'm not sure that's correct. Your Honor, I think Judge Magistrate Cousins identified that as a secondary position. We think the unduly burdensome and overly broad language of the request really carried the day here with respect to his denial. But what showing did you bring forward to show that these would be unduly burdensome? So you're saying Judge Cousins? In front of Judge Cousins, yeah. What did you bring forward by way of declaration or otherwise to make that case? So this 1782 petition is ex parte, which means that CPC files it and Apple is on the outside looking in. We had no opportunity to respond. CPC filed the petition, and Magistrate Judge Cousins ruled on the opinion. We weren't able to bring any facts, and we didn't need to based on the way that Judge Cousins Were you not served with the petition? We were. But again, it's ex parte. So this is a conversation between CPC and Magistrate Judge Cousins at that point. Oh, so let me ask you this. Is this the same or largely the same documents that has already been produced in the Texas case? And if so, doesn't that change the unduly burdensome analysis such that we shouldn't reach it here in the first instance? So if you go back, you know, somebody can take a look at it, whether it's the magistrate judge producing an R&R or the district judge choosing to look at it in the first instance to say, Okay, what's the overlap here with the documents already produced in Texas? And then the burdensome analysis may differ depending on the extent of the overlap. Judge Nguyen, these requests are much broader than the ones lobbied in Texas. Like mentioned before, CPC has not filed its case in Germany. We don't know the scope of it. We don't know which accused products. We don't know the features. All we have are the 15 requests. And some of these are basically asking for information on all products for many years. And that may be so. I'm not assuming that there's a perfect overlap. But given that it involves the same patent, I'm assuming, and correct me if I'm wrong, that there's some overlap such that somebody can look at it in the first instance and make that determination. I don't see how we can do that here. Without a case being filed overseas, Your Honor, I don't want to presume that. All I have in front of me is the document requests as CPC has lobbied them. And like mentioned before, they have not been trimmed. CPC has made no effort to actually make them less burdensome on Apple. They remain the way they did a year ago. So looking at the language, some of these requests would ask for an infinite number of documents based on Apple products. And we just don't know what the scope of the German litigation, if any, is going to be. So if you had an opportunity to respond to the request, what would your objections have been in brief? Your Honor, I would hate to speculate on that, but I'll say that we agree with Judge Cousins. These are overly broad, underly burdensome. If I could identify one particular one here, request number eight, which is, quote, documents sufficient to describe the role of the application processor in the Apple Touch ID devices. As this Court may be aware, the application processor is the main processor in the iPhone. It handles almost everything that happens within the iPhone. That request would cover every piece of functionality that the iPhone has. We would not know how to respond to that request. So if asked, we would certainly meet and confer with the opposing counsel, figure out what they're actually going for. And if ordered to produce documents, we would either move to quash or certainly try to trim these to something that is manageable for us. If I had the answer to the question posed, would I know what I was going to do tomorrow? Sorry, Your Honor? If I had the answer to the question you posed, would I know, based on an algorithm, what I was going to do tomorrow? I'm not sure, Your Honor. Okay. Just wondering. Okay. Your time is up. Any other questions by my colleagues? All right. Well, thank you very much. Thank you, Your Honor. Thank you. So we'll now hear again from Ms. Goodrich. Thank you, Your Honor. Just a few quick points, unless Your Honors have any questions before I get started. Okay. Number one, there's nothing in the district court's order suggesting it used its independent judgment and undertook a de novo review. It clearly said under the clear error standard that it found that there was no clear error, and it did in a summary fashion. The magistrate judge, for his part, with respect to the unduly burdensome issue, merely said that the sufficient to show language was undefined and therefore could lead to unduly burdensome discovery. That was it. There was nothing else said. With respect to discovery, as we know, this is not standard discovery. This is a petition for discovery that lives and dies by the petition. So any analogy to other discovery in traditional cases is a mismatch. With respect to what CPC has lost here, it has, in fact, lost its 1782 rights. So there is a loss. It's not whether or not it's lost its patent rights. That's not the issue. Let me ask you this, then, and you may ask this to your colleague. If the 1782 action is denied here and you didn't pursue an appeal and you went to Texas or some other jurisdiction and you filed another one, would there be any kind of collateral estoppel or any kind of res judicata? That probably doesn't really fit because you've got different parties. But is there any impact based upon the prior ruling? Well, one would suggest that under Apple's theory that the magistrate judge's decision was not this positive. I think we could make an argument, if their theory prevails, that collateral estoppel wouldn't apply, that there wouldn't be finality, and that would even suggest that maybe there's issues with finality for purposes of appeal. But we don't believe that. We obviously take the opposite position, in which case there may be some collateral estoppel issues that remain to be seen. Because if it is final and it deals with the same party's arguendo, there would arguably be some type of estoppel or collateral something, right? Potentially? Potentially, Your Honor, yes. Yes. Interesting. After Judge Cousins issued his ruling, was there any effort made to go back and say, well, we can narrow these requests? No, Your Honor, not that I'm aware of. And I think the concern was that we needed to proceed on the path that we were on in order to seek review and then seek appeal. We were not under the impression that Apple would be amenable to either negotiating a narrowed version of the request, so no. Very well. Any other questions by my colleagues? All right. Thanks to both counsel for your arguments. Very helpful, very skilled counsel. It's always a joy for the lawyers, I mean, for the judges, rather, to have very able counsel argue in these cases, and we appreciate it. Well, thank you both. The case, as argued, is submitted and the court is adjourned for the day. All rise.
judges: SMITH, NGUYEN, BRESS